IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
David P. SMITH, Attorney at Law.

Supreme Court

*No. 83–261–D. Filed October 11, 1983.*
(Also reported in 338 N.W.2d 699.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

On February 14, 1983, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging five counts of unprofessional conduct against David P. Smith, an attorney who was licensed to practice law in Wisconsin in 1961, whose license is presently suspended by court order and who, in the past, has practiced in De Pere, as follows:

(1) The respondent was retained by a couple to prepare their state income tax returns for 1973, 1974 and 1975. When the state revenue department informed the clients that no income tax returns had been filed for those three years, the clients contacted the respondent, who advised them that the required filings had indeed been made and that they could disregard the notice and, further, that he would take care of the matter. The respondent, however, did nothing to rectify the situation,

and the clients were required to pay the tax due with interest, penalty and late fees amounting to $3,732.93. It was alleged that such conduct constituted neglect of a legal matter, in violation of SCR 20.32(3), failure to carry out a contract of employment, in violation of SCR 20.35 (1), and misrepresentation, in violation of SCR 20.04(4).

(2) The respondent failed to respond to two letters from the Board requesting information concerning the grievance of these clients, in violation of SCR 22.07(2).

(3) The respondent was retained to probate the estate of a man who died on November 15, 1975. No state inheritance tax return had been filed in that estate, notwithstanding 13 requests for it from the state revenue department between September, 1978, and February, 1981. The department filed a petition in the probate court seeking the appointment of a special administrator in the estate to file the return. The Board alleged that such conduct constituted neglect of a legal matter, in violation of SCR 20.32(3), and failure to carry out a contract of employment, in violation of SCR 20.35(1)(b).

(4) The respondent failed to reply to two letters from the Board requesting information concerning this matter, in violation of SCR 22.07(2).

(5) The respondent's license to practice law was suspended for a period of 90 days, commencing June 1, 1981, with a stated exception permitting the respondent to complete work on an estate which was the subject of the disciplinary proceeding. *Disciplinary Proceedings Against Smith,* 102 Wis. 2d 724 (1981). The order of suspension also required the respondent to file an affidavit with the Board prior to the expiration of his suspension showing that he had complied with the order and that the estate had been closed. The estate remains open, however, and the respondent has not petitioned for reinstatement of his license.

We referred the matter to the Honorable James A. Martineau, reserve judge, as referee, pursuant to SCR 21.09(4). In his answer, the respondent denied any professional misconduct, and as to the allegations of his failure to respond to Board inquiries, the respondent alleged that, concerning the second count, the senior partner in the law firm of which he was a member furnished information to the Board on his behalf and, as to the fourth count, the Board had been informed by the attorney for the revenue department that the respondent had furnished him with the inheritance tax return and as a result the petition for a special administrator was not granted and the matter was closed.

Following a hearing, the referee filed his report and recommendation with the court on August 24, 1983. The referee found that the respondent failed to file state income tax returns on behalf of his clients for 1973 and 1974 and, further, that he advised the clients that he would take care of the matter after the state revenue department contacted them, but did nothing after writing one letter to the department requesting an explanation. The referee found that the clients were required to and did pay interest, penalties and late fees totaling $3,813.93. The referee concluded that the respondent's conduct constituted neglect of a legal matter, failure to carry out a contract of employment and misrepresentation, in violation of SCR 20.32(3), 20.35(1) and 20.04(4), respectively. The referee also found that the respondent failed to personally reply to the Board's two letters of inquiry concerning the grievance, in violation of SCR 22.07(2).

Concerning count three, the referee found that the respondent had tendered $6,200 to the department of revenue in November of 1976 for payment of the inheritance tax but that no tax return was filed by September 8, 1978. At that time, the department contacted the re-

spondent's law firm requesting the return, to which the respondent answered in writing that he would file a return within the following three months. Another letter from the department was sent to the respondent in September of 1979 asking for the tax return, and by letter dated March 19, 1980, the respondent stated that he would file a return on or before April 30, 1980. Further correspondence was exchanged between the department and the respondent, but no inheritance tax return was filed before March 15, 1982. On that date the department filed a petition for the appointment of a special administrator in the estate to prepare the inheritance tax return and to close the estate. Subsequently, an attorney was substituted for the respondent in the estate, the return was filed and the estate was closed. The referee concluded that the respondent's conduct constituted neglect of a legal matter and failure to carry out a contract of employment, in violation of SCR 20.32(3) and 20.35(1)(b), respectively. The referee found that the respondent failed to respond to two letters from the Board concerning the matter, in violation of SCR 22.07 (2).

In the matter concerning the suspension of the respondent's license to practice law, the referee found that the estate which the respondent was permitted to complete while his license was suspended remained open as of August, 1983, and that the respondent failed to file the papers as ordered by the court in the prior disciplinary matter. The referee concluded that such conduct represents a pattern of neglect of legal matters, in violation of SCR 20.32(3).

The referee recommends that the respondent's license to practice law in Wisconsin be revoked and that he be required to pay the costs of this proceeding. The respondent has not appealed from the referee's report.

We hereby adopt the findings, conclusions and recommendation of the referee.

IT IS ORDERED that the license of David P. Smith to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order David P. Smith pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $2,476.02.